Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
David A. Klein (SBN 273925)
david.klein@kirkland.com
Jonathan S. Goldstein (SBN 31899)
jonathan.goldstein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552 4200
Facsimile: (310) 552 5900

Kevin Van Wart (admitted *pro hac vice*)
kevin.vanwart@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Ill 60654
Telephone: (312) 862 2000
Facsimile: (312) 862-2200

*Attorneys for Defendants*
*The Boeing Company and Aerojet*
*Rocketdyne Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BEVERLY MOISTNER AND TODD MOISTNER<br><br>Plaintiffs,<br><br>v.<br><br>AEROJET ROCKETDYNE INC.; THE BOEING COMPANY AKA BOEING NORTH AMERICA, INC. AND DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-03138-SB-MAA<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

## 2.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  This action is also likely to involve information subject to export and import control laws and regulations of the United States.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

2

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential and information subject to the export and import control laws of the United States, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.  **DEFINITIONS**

    3.1.  Action:  This pending federal lawsuit.

    3.2.  Challenging Party:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

    3.3.  "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.4.  Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

    3.5.  Designating Party:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    3.6.  Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and

3

tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7. Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8. In-House Counsel:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9. Nonparty:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10. Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11. Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.12. Producing Party:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.13. Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14. Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic

In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations."

3.15. <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.16. <u>SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations</u>:  Information that the Designating Party in good faith believes to be subject to the export and import control laws and regulations of the United States, including, but not limited to, the Arms Export Control Act of 1976, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120-130, the Export Control Reform Act of 2018, as amended, 50 U.S.C. §§ 4801-4852, and the Export Administration Regulations, as amended, 15 C.F.R. § 730 *et seq.*[1] Despite the entry of this Stipulated and Proposed Protective Order, the Parties expressly reserve their rights to challenge any designation.

## 4. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel

---

[1] For the avoidance of doubt, if a document produced in this Action includes any marking to indicate that the document may be subject to import or export control that document shall be treated as "SUBJECT TO EXPORT CONTROL— Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations."

that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial. In advance of any trial in this Action, the Parties shall meet and confer to discuss what protections would be necessary for Protected Materials that may be used at trial and bring any disputes to the Court's attention.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2. <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection

until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" and "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  Whenever a deposition involves disclosure of Protected Material:  the deposition or portions of the deposition must be designated as "CONFIDENTIAL" or "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations" subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing information that is "CONFIDENTIAL" or "SUBJECT TO EXPORT CONTROL— Arms Export Control Act of 1976, International Traffic In Arms

Regulations, Export Control Reform Act of 2018, U.S. Export Administration Regulations" after transcription of the proceedings within five (5) business days after the transcript is made available. During those five (5) business days, the entire deposition transcript shall be deemed "CONFIDENTIAL" and "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations." Should a party require additional time to designate portions of a transcript, the parties may meet and confer regarding an extension of time and any party may seek intervention from the Court if necessary; no persons except for those permitted access by this Order shall by permitted to attend the deposition at such time as Protected Material is disclosed.

(c)    At a hearing, Protected Material may only be introduced or disclosed in a closed courtroom or in chambers. No persons except for those permitted access by this Order shall be permitted to attend any hearing at such time as Protected Material is disclosed.

(d)    For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations." If only a portion or portions of the information warrants protection, the Producing Party, to the extent

practicable, shall identify the protected portion(s).

6.3. <u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7. <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

7.1. <u>Timing of Challenges</u>.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2. <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[2]

7.3. <u>Burden of Persuasion</u>.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to

---

[2] Judge Audero's Procedures are available at
https://www.cacd.uscourts.gov/honorable-maria-audero.

sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    **ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1.    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.  Any information and/or documents which are available or have been made public through disclosure other than in this Action are not Protected Material and are not subject to this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

In addition to any confidentiality designation, information additionally designated "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations" shall not be disclosed to any person who is not a U.S. Person as defined by the U.S. export control laws and regulations.

Further:

(a)    Each Party or person who receives materials or information designated as "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations" shall become familiar with U.S. export and import control laws and regulations, including, but not limited to, the Arms Export Control Act of 1976, as amended, 22 U.S.C. § 2751-2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120-130, the Export Control Reform Act of 2018, as amended, 50 U.S.C. §§ 4801-4852, and the Export Administration Regulations, as amended, 15 C.F.R. § 730 et seq., and shall adhere to all U.S. export control laws and regulations and requirements specified in those laws, rules, and regulations;

(b)    If materials or information designated "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations" are stored on a server, access to the server shall be password protected, and access to the server shall be limited to and the server shall be maintained by only U.S. Persons as defined by the U.S. export control laws and regulations.

8.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record and In-House

Counsel, as well as employees of said Counsel to whom it is
reasonably necessary to disclose the information for this Action;

(b)   The officers, directors, and employees (including In-House
Counsel) of the Receiving Party to whom disclosure is
reasonably necessary for this Action;

(c)   Experts of the Receiving Party to whom disclosure is reasonably
necessary for this Action and who have signed the
"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   The Court and its personnel;

(e)   Court reporters and their staff;

(f)   Professional jury or trial consultants, mock jurors, and
Professional Vendors to whom disclosure is reasonably
necessary or this Action and who have signed the
"Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)   The author or recipient of a document containing the
information or a custodian or other person who otherwise
possessed or knew the information;

(h)   During their depositions, witnesses, and attorneys for witnesses,
in the Action to whom disclosure is reasonably necessary
provided: (i) the deposing party requests that the witness sign
the "Acknowledgment and Agreement to Be Bound" (Exhibit
A); and (ii) the witness will not be permitted to keep any
confidential information unless they sign the "Acknowledgment
and Agreement to Be Bound," unless otherwise agreed by the
Designating Party or ordered by the Court.  Pages of transcribed
deposition testimony or exhibits to depositions that reveal
Protected Material may be separately bound by the court
reporter and may not be disclosed to anyone except as permitted

under this Stipulated Protective Order;

    (i)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

    (j)    Any insurance provider of a Party to this Action that may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment in this Action.

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must:

    (a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  Nothing within this Order will be construed to prevent disclosure of Protected Materials if such disclosure is required by law or by order of the Court.

**10.  A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1.  <u>Application</u>.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL."  Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2.  <u>Notification</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)  Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)  Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery

request(s), and a reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the Nonparty, if requested.

10.3.   Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

If a Producing Party, through inadvertence, produces any information that is "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control

Reform Act of 2018, Export Administration Regulations" without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations," and that the document or thing produced shall be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—Arms Export Control Act of 1976, International Traffic In Arms Regulations, Export Control Reform Act of 2018, Export Administration Regulations" once the Producing Party so notifies the Receiving Party.

## 12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The parties also agree that Federal Rule of Evidence 502(b) shall apply with respect to inadvertent production.

As set forth in the parties' Joint Rule 26(f) Report, Dkt. No. 20, the parties have agreed to the following protocol to address the inadvertent production of materials for which privilege is asserted:

1. If a Producing Party believes that a privileged document has been produced inadvertently, it shall promptly notify the Receiving Party of the claim of privilege.

2. Upon such notice, the Receiving Parties, regardless of whether they deem the claim meritorious, shall promptly: (i) use commercially reasonable efforts to locate and destroy all copies of the material in their possession, custody or control and

notify the producing party that they have done so; and (ii) take all commercially reasonable steps to retrieve and destroy the inadvertently produced material or documents from other persons, if any, to whom such documents or materials were distributed in accord with Rule 26(b)(5)(B).

3. If a Receiving Party disputes the producing party's assertion of privilege, the Receiving Party shall notify the Producing Party within 5 business days of receiving the Producing Party's notice (the "Dispute Notification"). Within 5 business days after receiving the Dispute Notification, the parties shall meet and confer to resolve the dispute. If they are unable to resolve their dispute the Receiving Party may submit the issue to the court for a determination. In any such submission, the disputed document(s) shall be filed, if it all, under seal.

**13.** **MISCELLANEOUS**

13.1. Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2. Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3. Filing Protected Material.

Before any materials produced in discovery, including but not limited to, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents designated as "CONFIDENTIAL" and/or "SUBJECT TO EXPORT CONTROL—

Arms Export Control Act of 1976, International Traffic In Arms
Regulations, Export Control Reform Act of 2018, Export
Administration Regulations," are filed with a court, or disclosed at a
hearing for any purpose, the party seeking to file or otherwise disclose
such material must seek permission from the Court to file the material
under seal or to close the courtroom when such material is disclosed.
A Party that seeks to file under seal any Protected Material must
comply with Local Rule 79-5.  Protected Material may only be filed
under seal pursuant to a court order authorizing the sealing of the
specific Protected Material at issue.  If a Party's request to file
Protected Material under seal is denied by the Court, then the
Receiving Party may file the information in the public record unless
otherwise instructed by the Court.

13.3.  <u>Notification</u>.

Transmission by email is acceptable for all notification purposes
within this Order.

## 14.  **FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written
request by the Designating Party, each Receiving Party must return all Protected
Material to the Producing Party or destroy such material.  As used in this
subdivision, "all Protected Material" includes all copies, abstracts, compilations,
summaries, and any other format reproducing or capturing any of the Protected
Material.  Whether the Protected Material is returned or destroyed, the Receiving
Party must submit a written certification to the Producing Party (and, if not the
same person or entity, to the Designating Party) by the 60-day deadline that
(1) identifies (by category, where appropriate) all the Protected Material that was
returned or destroyed and (2) affirms that the Receiving Party has not retained any

copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15.   **VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 6, 2021          */s/ Tammy A. Tsoumas*
                             Tammy A. Tsoumas
                             KIRKLAND & ELLIS LLP
                             *Attorneys for Defendants The Boeing*
                             *Company and Aerojet Rocketdyne Inc.*


Dated: July 6, 2021          */s/ Anthony G. Graham*
                             Anthony G. Graham
                             GRAHAM & ASSOCIATES LLP
                             Anthony G. Graham (SBN 148682)
                             2901 West Coast Highway, Suite 200
                             Newport Beach, CA 92663
                             Telephone: (949) 270-2792
                             Facsimile: (949) 270-2793
                             anthonyggraham@msn.com
                             *Attorneys for Plaintiffs*
                             *Beverly Moistner and Todd Moistner*

//

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED: July 6, 2021                    KIRKLAND & ELLIS LLP

/s/ Tammy A. Tsoumas
Tammy A. Tsoumas

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 07/07/21

Maria A. Audero
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Beverly Moistner et al. v. Aerojet Rocketdyne Inc. et al.* (2:21-cv-03138-SB-MAA). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____