UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-03138-SB-MAA | Date: | July 16, 2021 |
|---|---|---|---|

| Title: | *Beverly Moistner, et al. v. Aerojet Rocketdyne, Inc., et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **ORDER DENYING MOTION TO REMAND (Dkt. No. 31)**

    Plaintiffs moved to remand this case to state court on the sole ground that the removal was filed two days late. Dkt. No. 31 (Motion). In opposition, Defendants explain that the 30th day for removal fell on a Saturday, making the removal timely under Rule 6 of the Federal Rules of Procedure when filed the following Monday, two days later. Dkt. No. 33 (Opp.). Defendants further note that they would have explained this elementary legal rule to Plaintiffs' counsel had he only given them a chance by raising the issue during the required "meet and confer." Plaintiffs filed no reply to the Opposition. The Motion is denied, and the Court issues an Order to Show Cause (OSC) why Plaintiffs' counsel should not be sanctioned.

## BACKGROUND

    Plaintiffs filed this lawsuit against Defendants in Ventura County Superior Court for personal injuries and property damage allegedly suffered "as a direct and proximate result of the spills and releases of hazardous radioactive and non-radioactive toxic substances on and off the 'Rocketdyne Facility.'" Dkt. No. 1-1

(Compl.); Mot. at 6.  Defendants were served with the Complaint on March 11, 2021.  Id. at 3.  The notice of removal was filed by Defendants 32 days later, on Monday, April 12, 2021.  Dkt. No. 1.  Plaintiffs then moved to remand this case "solely on the procedural grounds that the Notice of Removal was untimely in violation of 8 [sic] U.S. Code § 1446(b)."  Notice of Mot. at 2.

# DISCUSSION

### A. Timeliness

Pursuant to 28 U.S.C. § 1446(b)(1), "[n]otice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  See 42 U.S.C. § 2210(n)(2) (requiring removal under the Price-Anderson Act within the 30-day period set forth in section 1446(b)(1)).  But "[i]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(c).

Here, Defendants received the Complaint, by service, on March 11, 2021, requiring them to remove within 30 days.  The 30th day was April 10, 2021—a Saturday.  By operation of Rule 6, Defendants had until April 12 (Monday) to file a notice of removal.  Fed. R. Civ. P. 6(a)(1)(c); see *Krug v. Wells Fargo Bank, N.A.*, 2011 WL 6182341, at *1 (N.D. Cal. Dec. 13, 2011) (holding that Rule 6 operated to extend the time to remove by two days when "the 30th day after service fell on a Saturday").  Defendants therefore timely removed this action on April 12, 2021.  See *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019) (applying Rule 6 when calculating the 30-day removal clock).

That Plaintiffs would file a motion to remand on timeliness grounds is, to say the least, questionable.  When counting the days, Plaintiffs' counsel must have known that the 30th day fell on a Saturday.  At that point, even if counsel were not familiar with Rule 6, he reasonably could be expected to research whether the last day for removal under federal law in this circumstance was the Friday before or the Monday after Saturday.  And if the question did not occur to him, counsel would have learned the answer by satisfying his obligations under Local Rule 7-3 and speaking to opposing counsel.  According to Defendants, Plaintiffs' counsel never discussed the timeliness of the removal before filing this motion.  Opp. at 5-6; Dkt. No. 33-1 (Tsoumas Decl.) ¶¶ 2-5.  Local Rule 7-3 was designed to avoid this type of unnecessary motion that wastes scarce judicial resources.

### B. The Price-Anderson Act

Despite claiming to raise a single issue in the Motion (i.e., the procedural question of timeliness), Plaintiffs conclusorily assert in a footnote that jurisdiction is also lacking. Specifically, they assert: "Although not relevant to this Motion . . . , the two arguments Defendants assert to claim federal jurisdiction are without merit." Mot. at 3-4, n.1. The "two arguments" refer to the Price-Anderson Act and the federal officer removal statute (28 U.S.C. § 1442(a)(1)). Plaintiffs contend that there is no federal question "disclosed on the face of the complaint," as only state-law claims are asserted. *See id.* (citing seven cases).

Federal jurisdiction appears proper on the face of Plaintiffs' Complaint. Under the Price-Anderson Act, a federal court has original jurisdiction over "any public liability action" involving a "nuclear incident" occurring in its district. 42 U.S.C. § 2210(n)(2). A "public liability action" is generally one seeking to impose "legal liability arising out of or resulting from a nuclear incident." *Id.* at §§ 2014(w), (hh). The term "nuclear incident" is broadly defined to include "any occurrence" in the United States that causes personal injury or property damage "arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." *Id.* at § 2014(q). "Upon motion of the defendant . . . , any such action pending in any State court . . . shall be removed . . . to the United States district court having venue . . ." *Id.* at § 2210(n)(2); *see El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 484 (1999) (noting that "the Price-Anderson Act transforms into a federal action 'any public liability action arising out of or resulting from a nuclear incident'" and authorizes removal); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (holding that the Price-Anderson Act "expressly provides for removal of such actions brought in state court even when they assert only state-law claims").

Here, Plaintiffs have alleged injuries and damages arising out of a nuclear incident. *See, e.g.*, Compl. ¶ 9 ("Plaintiff Beverly Moistner has suffered serious and ongoing injury to her person . . . by virtue of . . . the spills and releases of radiation, radioactive isotopes including cesium and tritium, and other toxic solvents . . ."); *id.* ¶¶ 15-16 (describing Rocketdyne's operation of "small nuclear reactors" that resulted in the release of "dangerous levels of radiation" because of "several partial meltdowns"). Federal jurisdiction therefore appears proper under the Price-Anderson Act.[1]

---

[1] Because the Price-Anderson Act confers jurisdiction, the Court need not decide whether jurisdiction separately lies under the federal officer statute.

### C. Plaintiffs' Counsel

The conduct of Plaintiffs' counsel in bringing this motion is concerning. Counsel filed a motion purportedly raising a single issue that seems frivolous. In doing so, counsel apparently raised this issue without properly discussing it in the Local Rule 7-3 meeting. Had counsel satisfied his Rule 11 obligations, Fed. R. Civ. P. 11(b)(1-2), he would have discovered Rule 6; and had he failed to satisfy his Rule 11 obligations but met his Local Rule 7-3 obligations, he still would have discovered Rule 6. Instead, Plaintiffs' counsel filed a motion that fails to address Rule 6. Even after Plaintiffs' counsel was advised by letter from defense counsel that the Motion was legally flawed, Plaintiffs' counsel took no corrective action. According to defense counsel, Plaintiffs' counsel did not respond at all. Tsoumas Decl. ¶¶ 6-7.

To make matters worse, Plaintiffs' counsel inserted a footnote that treats a fundamental jurisdictional question as though it were an irrelevant afterthought. If Plaintiffs had a good-faith basis to challenge subject-matter jurisdiction, they should have properly raised and developed it in their motion to remand. Instead, their trivial treatment resulted in a one-sided presentation of the jurisdictional question by Defendants and shifted the burden onto the Court to decide it without the benefit of any serious adversarial response. *See Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (noting a federal court's obligation to address, as appropriate, its subject-matter jurisdiction).

The Court posted a tentative order on the afternoon of July 15 in advance of the hearing on the Motion. In doing so, the Court intended to apprise Plaintiffs' counsel of the Court's concerns and to provide him an opportunity to respond to them at the hearing. But Plaintiffs' counsel failed to appear at the hearing without any prior notification. The Court therefore orders Plaintiffs' counsel to show cause, in writing by no later than **July 23, 2021**, why sanctions should not be imposed against him for: (1) the above-described conduct, which appears to be in violation of Local Rule 7-3 (by failing to meet and confer in good faith) and Fed. R. Civ. P. 11 (by presenting a motion that is not warranted by existing law); and (2) the failure to appear at the hearing as required.

### CONCLUSION

Because the Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b)(1) and Rule 6 of the Federal Rules of Civil Procedure, the Court

**DENIES** Plaintiffs' motion to remand. Plaintiffs' counsel shall respond to the OSC by **no later than July 23, 2021**.